# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN LEWIS** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-337-JWD-EWD** |
| **SAM'S EAST, INC., ET AL.** | |

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 23, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN LEWIS** | **CIVIL ACTION NO.** |
| **VERSUS** | **18-337-JWD-EWD** |
| **SAM'S EAST, INC., ET AL.** | |

**MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

In light of the Statement Noting the Death of *pro se* Plaintiff Brian Lewis ("Plaintiff"),[1] and the fact that no person has timely filed a motion seeking leave to substitute him/herself as a plaintiff in this proceeding, the undersigned **RECOMMENDS** that this matter be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 25(a)(1) for the good grounds set forth herein.

## I.   Facts and Procedural Background

According to the documents attached to the Notice of Removal, on or about December 4, 2017, Plaintiff filed a Petition in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, against numerous defendants, including "Sam's East Inc." and "Walmart Store,"[2] the law firm of McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch, LLC ("McCranie") and attorney Rachel S. Guttman ("Guttman"), as well as "Louisiana Workforce Commission Staff members:" Judge Chellie Olivier, Judge L. Jackson, Judge Paul Trahan, Ava Dejoie, Cynthia Batiste, J. Jerome Burden, Danelle Gilkes, and Calaudeidra Minor (collectively, the "LWC Defendants").[3]

---

[1] R. Doc. 13.
[2] *See* R. Doc. 1-2, p. 1; R. Doc. 1-2, p. 14 (Plaintiff's handwritten Petition referencing "Walmart Store" in the caption); R. Doc. 3-2, p. 1, n. 1, regarding the name of Removing Defendants; and R. Doc. 3-3, pp. 11-12 (Plaintiff's handwritten list of Defendants).
[3] R. Doc. 3-3, p. 22 (list of Defendants). Plaintiff also named several other individuals that he alleged were employees of Sam's and/or Wal-Mart (*see id.*) but those individuals have never appeared in this action and it is unknown if they were served.

On March 23, 2018, Wal-Mart Associates, Inc. ("Wal-Mart") and Sam's East, Inc. ("Sam's") (together with McCranie and Guttman, collectively, the "Removing Parties,") removed the matter to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[4] Because the removal papers failed to establish subject matter jurisdiction, the Court *sua sponte* ordered the parties to submit additional briefs on the issue of subject matter jurisdiction.[5] On April 9, 2018, Plaintiff filed a Motion to Remand.[6] The Court was informed that Plaintiff died on December 11, 2018.[7]

On January 11, 2019, the Removing Parties filed a Fed. R. Civ. P. 25(a)(1) Statement Noting the Death of Plaintiff ("Statement").[8] The Statement indicated that the Removing Parties had not yet served the Statement on the presumed heirs of Plaintiff as required by Fed. R. Civ. P. 25(a)(3).[9] On January 16, 2019, the Court conducted a telephone status conference with defense counsel and discussed service of the Statement and the requirements of Fed. R. Civ. P. 25 and Fed. R. Civ. P. 4. Defendants were ordered to effectuate proper service of the Statement on Plaintiff's presumed heirs under Louisiana law,[10] Rodney Robinson ("Rodney") and Stephen Robinson ("Stephen"), who were identified as Plaintiff's brothers in Plaintiff's obituary.[11] Stephen was

---

[4] R. Doc. 1, ¶ 3.
[5] R. Doc. 2 *and see* R. Docs. 3-4.
[6] R. Doc. 5.
[7] *See* obituary at R. Doc. 13-1.
[8] R. Doc. 13.
[9] R. Doc. 13, pp. 1-2.
[10] From the time of the filing of the Statement until service of the Statement on Plaintiff's heirs, the Removing Parties indicated that they had searched the probate records of the Nineteenth Judicial District Court but were unaware of any succession proceedings involving Plaintiff's estate. *See* R. Doc. 13, p. 2; R. Doc. 17, p. 2.
[11] R. Doc. 14. Plaintiff stated in documents supporting his application to proceed *in forma pauperis* in the state court that he was not married and had no children living with him or that he supported. R. Doc. 3-3, pp. 46-47. Likewise, Plaintiff's obituary does not indicate that Plaintiff was married or had any children. The obituary also states that Plaintiff's parents pre-deceased him. R. Doc. 13-1. There is no evidence of a valid testament executed by Plaintiff. Thus, pursuant to Louisiana's intestate law and the information in the record herein, Plaintiff's surviving siblings, *i.e.*, Rodney and Stephen, are his legal heirs and estate representatives. *See* La. C.C.P. art. 892 ("If the deceased leaves neither descendants nor parents, his brothers or sisters or descendants from them succeed to his separate property in full ownership to the exclusion of other ascendants and other collaterals.")

personally served with the Statement as required by Fed. R. Civ. P. 25(a)(3) and Fed. R. Civ. P. 4(e) on January 21, 2019, and Proof of Service was filed[12] as required by Fed. R. Civ. P. 4(l).[13] Because of difficulties obtaining service on Rodney, Stephen and Rodney were ordered to attend an in-person status conference on February 28, 2019.[14]

On February 28, 2019, Stephen and Rodney appeared at the status conference. The Court explained the purpose of the hearing and the status of the matter (including the then-pending motion to remand), and advised Rodney and Stephen that either or both of them could seek to substitute as a plaintiff in this matter by filing a motion to substitute. The Court also explained that, under Fed. R. Civ. P. 25, such a motion was required to be filed within 90 days of when each of them was served with the Statement and that the 90-day time period was running.

Rodney confirmed on the record that he was served with the Statement on February 8, 2019 and stated that he was not going to seek substitution. Stephen also confirmed on the record that he was served with the Statement and stated that he was still deciding whether he would seek substitution. In light of Stephen's representations that he was considering substitution, and with no objection by Defendants, the Court stayed the case for Stephen to make a determination and explained to Stephen and Rodney that, if either of them timely filed a motion to substitute within 90 days of service of the Statement upon them,[15] the case would be re-opened. Stephen and Rodney were also advised that, if no motion to substitute was timely filed, all claims asserted by Plaintiff would be dismissed pursuant to Fed. R. Civ. P. 25(a) without further notice.[16] Stephen and Rodney were served via certified mail, return receipt requested with the Status Conference

---

[12] *See* R. Doc. 17 (Proof of Service on Stephen). Defendants also sent Stephen and Rodney notice of the Statement and attachments thereto via certified mail, return receipt requested. *See* R. Doc. 15-1.

[13] Fed. R. Civ. P. 4(l) requires that proof of service must be made to the Court by a server's affidavit, unless service is made by a U.S. Marshal or Deputy Marshal.

[14] R. Docs. 22-24 (executed U.S. Postal Service certified mail return receipts).

[15] R. Doc. 17.

[16] R. Doc. 24.

3

Report and Order, which reflected that Stephen and Rodney had to file a motion(s) to substitute by no later than April 21, 2019 and May 9, 2019, respectively.[17]

## II. Law and Analysis

Fed. R. Civ. P. 25(a) provides, in pertinent part:

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> ...
> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

With respect to service of the Statement, Fed. R. Civ. P. 4(e)(2) requires that service on an individual within a judicial district of the United States be effected by personal or domiciliary service on the individual,[18] or on an appointed or legal agent of the individual.

In this case, the Fed. R. Civ. P. 25 Statement was filed on January 11, 2019.[19] Stephen was personally served with the Statement on January 21, 2019, which Stephen confirmed at the status conference.[20] Rodney was served with the Statement on February 8, 2019, which he confirmed at the status conference.[21] Therefore, proper service was effected upon Plaintiff's successors/heirs as required by Fed. R. Civ. P. 25(a)(3) and Fed. R. Civ. P. 4(e)(1) and (2). The ninety (90) day period set forth in Fed. R. Civ. P. 25(a)(1) in which Stephen and Rodney had to file motions seeking leave to substitute themselves as plaintiffs was triggered when they were served with the

---

[17] R. Docs. 25-26.
[18] Fed. R. Civ. P. 4(e)(1) permits service on individuals to be made via the provisions of applicable Louisiana law, which in this case provides for the same types of service as Fed. R. Civ. P. 4(e)(2), *i.e.*, personal or domiciliary. *See* La. C.C.P. art. 1231.
[19] R. Doc. 13.
[20] R. Doc. 17-1, p. 1.
[21] R. Doc. 24.

4

Statement on the above-referenced dates, and expired on April 21, 2019 and May 9, 2019, respectively. As of the date of this Report and Recommendation, no motions to substitute have been filed.[22] Therefore, pursuant to the express provisions of Fed. R. Civ. P. 25(a)(1), this action "must be dismissed."[23]

**III.    Recommendation**

**IT IS RECOMMENDED** that, pursuant to Fed. R. Civ. P. 25(a)(1), all claims asserted by deceased Plaintiff Brian Lewis in this matter be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on October 23, 2019.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] No other heirs or legal representatives have appeared, and no motions for extensions have been filed.

[23] *See, e.g., Rhodes v. Collier*, No. 3599, 18 F.R.D. 50, 51 (W.D. La. July 27, 1955) ("This rule [Fed. R. Civ. P. 25(a)(1)] is mandatory and if the proper representative or representatives of the deceased are not made parties within the delay provided, the court has no choice but to dismiss the demand, in this instance the cross-claim."); *Ray v. Koester*, 85 Fed. App'x 983, 984 (5th Cir. 2004) (affirming dismissal of action when plaintiff failed to file a motion to substitute a successor to the deceased defendant within 90 days of service of defense counsel's suggestion of defendant's death). The Fifth Circuit Court of Appeals has also dismissed Plaintiff's pro se petition or writ of mandamus on this basis. *See* R. Doc. 29.